IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      Plaintiff,          ORDER

  v.                14-cr-20-wmc-1

BUFFY MARIE DECORAH-GARVIN,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Buffy Marie Decorah-Garvin's supervised release was held on November 14, 2014, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Laura Przybylinski-Finn. Defendant was present in person and by counsel, Associate Federal Defender Kelly Welsh. Also present was U.S. Probation Officer Jelani Brown.

FACTS

From the record and the parties' stipulation I make the following findings of fact:

The defendant was sentenced in the Southern District of Iowa on January 29, 2008, following her conviction for attempted bank robbery, in violation of 18 U.S.C. § 2113(a). This offense is a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 90 months, with a 36-month term of supervised release to follow.

The defendant began her term of supervised release on February 5, 2014, in the Western District of Wisconsin. Jurisdiction was formally transferred to this district on February 11, 2014. Upon her release from ARC in February 2014, the defendant began residing with her tribal husband, a relationship that has been riddled with conflict and resulting in separations for short periods of time on several occasions. Since February 2014, the defendant has been cited for disorderly conduct on two separate occasions stemming from domestic disputes.

Despite being six months' pregnant, the defendant admitted to urges to use alcohol and methamphetamine after an argument with her husband on September 9, 2014. On September 10, her conditions of supervised release were modified to include 60 days in a residential reentry center. After completing only four days of her placement, however, the defendant left the reentry center without permission, apparently after a conversation with her husband led her to believe that he was cheating on her.

To her credit, the defendant tested negative for controlled substances on October 8, but she then cancelled her October 21st office appointment with probation with only one-day advance notice. This court issued a warrant for the defendant on October 24th. The defendant had no contact with her probation officer, or anyone else with the U.S. probation office, until she reported to the probation office on October 28th for voluntary execution of the warrant.

## CONCLUSIONS

The defendant's misconduct constitutes a Grade C violation, as defined by § 7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised

release. Accordingly, the court has the discretion to revoke supervised release, extend supervision, or modify the conditions of release. A criminal history category of VI with a Grade C violation, results in an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which the defendant can be sentenced upon revocation is two years based on her original conviction for a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release if defendant's term of supervised release is revoked.

Although the defendant's violation warrant revocation, this court is inclined to postpone a final determination for 60 days until after the birth of her child. The ultimate decision on revocation and sentencing will largely depend on her conduct in the next 60 days.

ORDER

IT IS ORDERED that a decision on the probation office's petition for judicial review be postponed for 60 days. In light of the defendant's own, expressed concern that she may not be able to comply with the conditions of supervision, she will be REMANDED into the custody of the U.S. Marshal until a bed becomes available at ARC. Defendant is on notice that she remains on supervised release and must comply with all conditions of her supervision, including her return to ARC for the maternal and infant program. In addition, given the defendant's affect two other special conditions are added:

1. The defendant shall undergo a psychiatric evaluation. The psychiatrist is encouraged not only to review the defendant's extensive mental health treatment history, but also to coordinate with her current mental health

treatment through the Ho-Chunk Nation Wellness Center.

2. The defendant shall be subject to a location monitor while at ARC to insure she remains on their premises, except as specifically authorized in advance by her probation officer.

Finally, the defendant shall appear before the court on January 14, 2015, at 1:00 p.m. to reconsider the probation office's petition for judicial review.

Entered this 14th day of November 2014.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge