IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                           ORDER

     v.                                   14-cr-20-wmc-1

BUFFY MARIE DECORAH-GARVIN,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Buffy Marie Decorah-Garvin's supervised release was held on January 14, 2015, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Laura Przybylinski-Finn. The defendant was present in person and by counsel, Associate Federal Defender Kelly Welsh. Also present was U.S. Probation Officer Jelani Brown.

## BACKGROUND

From the record, the court finds that the defendant was sentenced in the Southern District of Iowa on January 29, 2008, following her conviction for attempted bank robbery in violation of 18 U.S.C. § 2113(a). This offense is a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 90 months with a 36-month term of supervised release to follow.

The defendant was prereleased by BOP to ARC Community Services, Inc. and began her term of supervised release in the Western District of Wisconsin on February 5, 2014. Jurisdiction was formally transferred to this district on February 11, 2014. Upon the

defendant's release, she began residing with her tribal husband, Harrison Funmaker, a relationship that has been riddled with conflict in the past, resulting in separations for short periods of time on several occasions. Since her release, the defendant has since been cited twice more for disorderly conduct stemming from her domestic disputes with Mr. Funmaker.

Despite being six months pregnant, the defendant admitted urges to use alcohol and methamphetamine after an argument with her tribal husband on September 9, 2014. On September 10, 2014, the defendant's conditions of supervised release were modified to include an additional placement of 60 days in a residential reentry center. After completing only four days of her placement, however, the defendant left the center without permission, apparently after a conversation with Mr. Funmaker, which led her to believe that he was having an affair.

To her credit, the defendant tested negative for controlled substances on October 8, 2014, but then cancelled her October 21st appointment with probation. This Court issued a warrant for the defendant on October 24. The defendant had no contact with her probation officer, nor anyone else with the U.S. probation office, until reporting for voluntary execution of the warrant on October 28.

A judicial review hearing was held on the petition on November 14, 2014. Although the defendant was found in violation of her supervised release conditions, a decision on revocation and possible sentencing was postponed for 60 days and the defendant was ordered to return to ARC to complete the maternal and infant program, as well as undergo a psychiatric evaluation.

The defendant underwent a mental health assessment conducted by Dr. Thomas Moran on January 8, 2015. Among other things, Dr. Moran concluded that the defendant suffers from major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, substance use disorder, and borderline personality disorder, much of this the product of horrendous sexual and physical abuse from childhood on, a pattern of victimization that her mother suffered from before her. Dr. Moran further concluded that the defendant needs close monitoring, as well as mandated mental health and AODA intervention, as special conditions of her supervised release. Dr. Moran also felt the defendant's return to a life with Mr. Funmaker would lead to a revictimization. Nevertheless, the defendant completed the ARC program on January 8th, and returned with her baby to Funmaker.

Notwithstanding the defendant's recent success, her past non-compliance constitutes a Grade C violation, as defined at § 7B1.1(a)(3)(B) of the sentencing guidelines for violations of supervised release. Accordingly, the Court has the discretion to revoke supervised release, extend supervision, or modify the conditions of release. A criminal history category of VI coupled with a Grade C violation results in an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which the defendant can be sentenced upon revocation is two years based on her original conviction for a Class C felony.

## CONCLUSIONS

Although the defendant's violations may warrant revocation, I am inclined to allow the defendant's term of supervised release to continue in light of Dr. Moran's view that

3

further incarceration is likely to be counterproductive and the defendant can succeed if committed to doing so under the right conditions. Accordingly,

## ORDER

It is ORDERED that the period of supervised release imposed on the defendant on January 29, 2008, is CONTINUED. The defendant shall continue to receive treatment from Dr. Moran and comply with any medication regimen recommended by him, as directed by the probation office. In addition, the defendant shall be subject to a location monitor for the next 120 days to insure she fully complies with all conditions of supervised release, particularly those related to appearing for mental health treatment and probation office obligations.

All other special and standard conditions shall remain in effect.

Entered this 14th day of January 2015.

BY THE COURT:

WILLIAM M. CONLEY
District Judge